# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

No. 12-264V

(E-Filed: April 18, 2013)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SHIRLEY TAPIA, on behalf of her minor child, ETHAN TAPIA, | * * * | UNPUBLISHED |
| Petitioner, | * * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Influenza Vaccines; Tourette syndrome; |
| SECRETARY OF HEALTH AND | * | Obsessive-Compulsive Disorder; |
| HUMAN SERVICES, | * | Attention Deficit Disorder; Decision; |
| | * | Stipulation. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Tulsa, OK, for Petitioner

Heather L. Pearlman, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On April 24, 2012, Petitioner, Shirley Tapia, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"), on behalf of her minor child Ethan Tapia ("Ethan"). Petitioner alleged that Ethan suffered Tourette syndrome, obsessive-compulsive disorder ("OCD"), and attention deficit

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

disorder ("ADD"), as a result of receiving influenza vaccinations.[2]

Respondent denies that Ethan's influenza vaccinations caused his Tourette syndrome, OCD, ADD, and/or any other injury. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed April 15, 2013, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

A lump sum of $20,000.00, which amount shall be in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Stipulation ¶ 8(a).

An amount sufficient to purchase an annuity contract(s), subject to the conditions described in paragraphs 9 and 10 of the attached Stipulation, paid to the life insurance company(ies) from which the annuity(ies) will be purchased.

Stipulation ¶ 8(b).

The parties further stipulated that they had reached the following agreement with respect to attorneys' fees:

A lump sum of $44,302.62, in the form of a check payable jointly to Petitioner and Petitioner's law firm, Rhodes, Hieronymus Jones Tucker & Gable, P.L.L.C., for attorneys' fees and costs. In accordance with General Order No. 9, Petitioner represents that she incurred no out-of-pocket expenses in proceeding on the petition.

Stipulation ¶8(c).

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation ¶ 8.

The undersigned approves the requested amounts for compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

SHIRLEY TAPIA, on behalf
of her minor child,
ETHAN TAPIA,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

      Respondent.

No. 12-264V
Special Master Lisa Hamilton-Fieldman
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, Ethan Tapia ("Ethan"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ethan's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ethan received his influenza vaccinations on October 15, 2009 and November 17, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Ethan contracted Tourette syndrome, obsessive-compulsive disorder ("OCD"), and attention deficit disorder ("ADD") as a result of his influenza vaccinations. She further alleges that Ethan experienced residual effects of these injuries for

I

more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ethan as a result of his conditions.

6. Respondent denies that Ethan's Tourette syndrome, OCD, ADD, or any other injuries were caused-in-fact by his October 15, 2009 and November 17, 2009, influenza vaccinations; denies that his current disabilities are sequelae of his alleged injuries; and denies that he experienced the residual effects of these injuries for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

 a. A lump sum of $20,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Shirley Tapia. 42 U.S.C. § 300aa-15(a)(1)(B). This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph 8.b.;

 b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"); and

 c. A lump sum of $44,302.62 in the form of a check payable jointly to petitioner and petitioner's law firm, Rhodes Hieronymus Jones Tucker & Gable, P.L.L.C., for attorneys' fees and costs available under 42 U.S.C. § 300-15(e). In accordance with General Order #9, petitioner represents that all litigation costs were paid by petitioner's attorney and that petitioner did not personally incur any costs in proceeding on the petition.

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

2

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Ethan, pursuant to which the Life Insurance Company will agree to make payments periodically to Ethan Tapia for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:

Beginning on June 4, 2019, $11,152.34 per year for six (6) years certain.

The certain payments provided in this paragraph 10 shall be made as set forth above. Should Ethan Tapia predecease the exhaustion of the certain payments during the certain period specified above, any remaining payments shall be made to his estate. However, petitioner shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of Ethan Tapia's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not

3

guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

13. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

14. The parties and their attorneys further agree and stipulate that, except for attorneys' fees and costs and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of Ethan as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

15. In return for the payments described in paragraph 8, petitioner, in her individual capacity and as legal representative of Ethan, on behalf of herself, Ethan, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought,

4

could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ethan resulting from, or alleged to have resulted from, the influenza vaccinations administered on October 15, 2009 and November 17, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about April 24, 2012, in the United States Court of Federal Claims as petition No. 12-264V.

16. If Ethan should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in

5

this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

20. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that influenza vaccines caused Ethan's Tourette syndrome, OCD, ADD, or any other injury, or that his current disabilities are sequelae of his alleged injuries.

21. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Ethan Tapia.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

6

Respectfully submitted,

PETITIONER:

_SHIRLEY TAPIA_

ATTORNEYS OF RECORD FOR
PETITIONER:

ANDREW D. DOWNING, ESQ.
RHODES, HIERONYMUS, JONES,
    TUCKER & GABLE, P.L.L.C.
100 W. Fifth St., Ste. 400
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 04/15/13

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-2699

7